1  Jill Ann Herman, #020180
   jherman@wshblaw.com
2  Dawn M. Gingerich, #022461
3  dgingerich@wshblaw.com
   **WOOD, SMITH, HENNING & BERMAN LLP**
4  2525 E. Camelback Road, Suite 450
   Phoenix, Arizona 85016-4210
5  Phone: (602) 441-1300   Fax: (602) 441-1350
6
7  Attorneys for Third-Party Plaintiff Bovis Lend Lease, Inc. n/k/a Lend Lease (US) Construction Inc.
8
# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Oro Valley Hospital, L.L.C, | CASE NO. 4:10-cv-00654-TUC-AWT |
| Plaintiff, | |
| v. | |
| Bovis Lend Lease, Inc. n/k/a Lend Lease (US) Construction Inc. and Gould Turner Group, P.C., | **BOVIS LEND LEASE INC. N/K/A LEND LEASE (US) CONSTRUCTION INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT AND DEMAND FOR ARBITRATION OR, ALTERNATIVELY, JURY TRIAL** |
| Defendants, | |
| _____ | |
| Bovis Lend Lease, Inc. n/k/a Lend Lease (US) Construction Inc., a Florida corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| ABG Caulking Contractors, Inc., a Tennessee corporation; Babby-Henkel Building Specialties, Inc., an Arizona corporation; Cell-Air Crete, Inc., an Arizona corporation; Conway Tile Co. Inc., an Arizona corporation; Delta/United | |

LEGAL:05488-0211/2444656.1

-1-

Specialties, Incorporated, a Tennessee corporation; Granite Construction Company, a California corporation; Hardrock Concrete Placement Co., Inc., an Arizona corporation; Ivey Mechanical Company, LLC, a Mississippi corporation; Kawneer Company, Inc., a Delaware corporation; Mirage Plastering, Inc., an Arizona corporation; Progressive Services, Inc. d/b/a Progressive Roofing, an Arizona corporation; Romanoski Glass and Mirror Company, Inc.; Signcraft, Inc., a Tennessee corporation; Black Corporations I-XX; White Partnerships I-XX; Does I-XX and Yellow Manufacturers I-XX,

Third-Party Defendants.

Third-Party Plaintiff Bovis Lend Lease, Inc. n/k/a Lend Lease (US) Construction Inc. ("Third-Party Plaintiff") for its First Amended Third-Party Complaint against the Third-Party Defendants states as follows:

**PARTIES**

1. Third-Party Plaintiff was at all times material hereto a Florida corporation authorized to do business and was doing business in the County of Pima, State of Arizona.

2. Upon information and belief, Third-Party Defendant ABG Caulking Contractors, Inc., was at all times material hereto a Tennessee corporation authorized to do business and was doing business within the County of Pima, State of Arizona. ABG Caulking Contractors, Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the subject project, Oro Valley Hospital located in Oro Valley, County of Pima, State of Arizona (hereinafter the "Project").

3. Upon information and belief, Third-Party Defendant Babby-Henkel Building Specialties, Inc. was at all times material hereto an Arizona corporation authorized to do business and was doing business within the County of Pima, State of Arizona. Babby-

LEGAL:05488-0211/2444656.1

-2-

1 Henkel Building Specialties, Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

4. Upon information and belief, Third-Party Defendant Cell-Air Crete Inc. was at all times material hereto an Arizona corporation authorized to do business and was doing business within the County of Pima, State of Arizona. Cell-Air Crete Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

5. Upon information and belief, Third-Party Defendant Conway Tile Co. Inc. was at all times material hereto an Arizona corporation authorized to do business and was doing business within the County of Pima, State of Arizona. Conway Tile Co. Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

6. Upon information and belief, Third-Party Defendant Delta/United Specialties, Incorporated was at all times material hereto a Tennessee corporation authorized to do business and was doing business within the County of Pima, State of Arizona. Delta/United Specialties, Incorporated entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

7. Upon information and belief, Third-Party Defendant Granite Construction Company was at all times material hereto a California corporation authorized to do business and was doing business within the County of Pima, State of Arizona. Granite Construction Company entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

8. Upon information and belief, Third-Party Defendant Hardrock Concrete Placement Co., Inc. was at all times material hereto an Arizona corporation authorized to

LEGAL:05488-0211/2444656.1

-3-

do business and was doing business within the County of Pima, State of Arizona. Hardrock Concrete Placement Co., Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

9. Upon information and belief, Third-Party Defendant Ivey Mechanical Company, LLC was at all times material hereto a Mississippi limited liability company authorized to do business and was doing business within the County of Pima, State of Arizona. Ivey Mechanical Company, LLC entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

10. Upon information and belief, Third-Party Defendant Kawneer Company, Inc. was at all times material hereto a Delaware corporation that marketed, designed, manufactured, distributed, sold, supplied, developed and/or produced window systems, products and component parts with the intent that such window systems, products and component parts would be sold and installed in buildings constructed in the State of Arizona.

11. Third-Party Defendant Kawneer Company, Inc. purposefully availed itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of Arizona's law.

12. Upon information and belief, Third-Party Defendant Mirage Plastering, Inc. was at all times material hereto an Arizona corporation authorized to do business and was doing business within the County of Pima, State of Arizona. Mirage Plastering, Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

13. Upon information and belief, Third-Party Defendant Progressive Services, Inc. d/b/a Progressive Roofing was at all times material hereto an Arizona corporation authorized to do business and was doing business within the County of Pima, State of

LEGAL:05488-0211/2444656.1 -4-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE (602) 441-1300 ♦ FAX (602) 441-1350

Case 4:10-cv-00654-AWT Document 46-1 Filed 10/19/12 Page 5 of 13

1 Arizona. Progressive Services, Inc. d/b/a Progressive Roofing entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

14. Upon information and belief, Third-Party Defendant Romanoski Glass and Mirror Company, Inc. was at all times material hereto an Arizona corporation authorized to do business and was doing business within the county of Pima, State of Arizona. Romanoski Glass and Mirror Company, Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

15. Upon information and belief, Third-Party Defendant Signcraft, Inc. was at all times material hereto a Tennessee corporation authorized to do business and was doing business within the County of Pima, State of Arizona. Signcraft, Inc. entered into a contract(s) with Third-Party Plaintiff, and/or its duly authorized agent(s), wherein it agreed to provide construction materials and perform work at the Project.

16. Upon information and belief, Third-Party Defendants Black Corporations I – XX are fictitious names whose true names are not known to Third-Party Plaintiff at this time. Third-Party Plaintiff requests permission to insert the true names of these Third-Party Defendants at such time as the true names are discovered with the same effect as if such names had been set forth specifically herein.

17. Upon information and belief, Third-Party Defendants White Partnerships I – XX are fictitious names whose true names are not known to Third-Party Plaintiff at this time. Third-Party Plaintiff requests permission to insert the true names of these Third-Party Defendants at such time as the true names are discovered with the same effect as if such names had been set forth specifically herein.

18. Upon information and belief, Third-Party Defendants Does I – XX are fictitious names whose true names are not known to Third-Party Plaintiff at this time. Third-Party Plaintiff requests permission to insert the true names of these Third-Party

LEGAL:05488-0211/2444656.1

-5-

1  Defendants at such time as the true names are discovered with the same effect as if such
2  names had been set forth specifically herein.

3        19. Upon information and belief, Third-Party Defendants Yellow Manufacturers
4  I – XX are fictitious names whose true names are not known to Third-Party Plaintiff at this
5  time. Third-Party Plaintiff requests permission to insert the true names of these Third-
6  Party Defendants at such time as the true names are discovered with the same effect as if
7  such names had been set forth specifically herein.

8        20. As used throughout this Third-Party Complaint, Third-Party Defendants
9  ABG Caulking Contractors, Inc.; Babby-Henkel Building Specialties, Inc.; Cell-Air Crete,
10 Inc.; Conway Tile Co., Inc.; Granite Construction Company; Hardrock Concrete
11 Placement Co., Inc.; Ivey Mechanical Company, LLC; Mirage Plastering, Inc.;
12 Progressive Services, Inc. d/b/a Progressive Roofing; and Signcraft, Inc. are collectively
13 referred to as "Subcontractor Third-Party Defendants."

14       21. Kawneer Company, Inc. and Yellow Manufacturers I – XX are collectively
15 referred to as "Manufacturer Third-Party Defendants."

## JURISDICTION AND VENUE

17       22. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §
18 1332(a)(1) because diversity of citizenship exists between each Third-Party Defendant and
19 Third-Party Plaintiff and, based on the claims set forth in Third-Party Plaintiff's Third-
20 Party Complaint, the matters in controversy allegedly exceed $75,000.00.

21       23. This Court has personal jurisdiction over the non-resident Third-Party
22 Defendants pursuant to 28 U.S.C. § 1332 and Ariz. R. Civ. P. 4.2(a). Arizona's Long-Arm
23 Statute provides for jurisdiction over this matter and the non-resident Third-Party
24 Defendants have sufficient contacts with Arizona so that the exercise of personal
25 jurisdiction over them in this action comports with Constitutional Due Process.

26       24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) because a
27 substantial part of the events giving rise to the claim asserted herein occurred in the

LEGAL:05488-0211/2444656.1

-6-

judicial district where this Court is situated and all of the real property that is the subject of this action is situated in the judicial district where this Court is situated.

## **FACTS**

25. Upon information and belief, pursuant to indemnity language contained in the above-referenced contracts, each Subcontractor Third-Party Defendant has an obligation to indemnify Third-Party Plaintiff for alleged defects arising from its respective work and/or professional services.

26. Upon information and belief, pursuant to language contained in those above-referenced contracts, each Third-Party Defendant has an obligation to defend Third-Party Plaintiff for alleged defects arising from its respective work and/or professional services.

27. The purported owner of the Project, Oro Valley Hospital, L.L.C., ("Owner") has alleged various construction defects at the Project. The Owner brought its claims for construction defects and other damages under the legal theories of negligence, breach of contract, and breach of express/implied warranty. *See* Complaint and Demand for Jury Trial incorporated herein by reference.

28. The Owner alleges that construction of the Oro Valley Hospital is defective in multiple respects as identified in paragraphs twelve through twenty of Owner's Complaint.

29. If the Owner's allegations are true, then any and all damages claimed by the Owner are directly and proximately caused by the defective, negligent, careless and/or reckless construction work and/or professional services and/or defective materials supplied by the Third-Party Defendants.

30. Each Third-Party Defendant received reasonable notice of the Owner's claims and had an opportunity to defend Third-Party Plaintiff.

31. Notwithstanding Third-Party Plaintiff's invitations and demands to defend Third-Party Plaintiff, each Third-Party Defendant has refused to do so.

32. As a direct result of each Third-Party Defendant's refusal to defend and

LEGAL:05488-0211/2444656.1 -7-

1 indemnify, Third-Party Plaintiff has been forced to defend itself and continues to incur
2 substantial attorneys' fees, expert fees, and costs.

3     33.    Each Subcontractor Third-Party Defendant expressly and impliedly
4 warranted that its work would be performed in a good and workmanlike manner, be free
5 from defects, and that its products would not be defective.

6     34.    Each Manufacturer Third-Party Defendant impliedly warranted that its work
7 would be performed in a good and workmanlike manner, be free from defect, and that its
8 products would not be defective.

9     35.    Each Subcontractor Third-Party Defendant expressly agreed to obtain
10 additional insured endorsements naming Third-Party Plaintiff as an additional insured
11 under their respective policies of insurance.

12     36.    Each Third-Party Defendant owed Third-Party Plaintiff a duty to ensure its
13 work was performed in accordance with, among other things, applicable construction
14 standards and the applicable project documents, including plans and specifications, and
15 that its products were without defect.

16     37.    Third-Party Plaintiff is entitled to prejudgment interest from the date of
17 payment on all settlements, expert fees, and attorneys' fees and costs as set forth in the
18 subcontract agreements and/or as provided by A.R.S. § 44-1201.

19     38.    Each Third-Party Defendant's duty to defend, indemnify and hold harmless
20 arises regardless of whether Owner's claims for defects at the Project against Third-Party
21 Plaintiff are adjudicated in this lawsuit, another lawsuit brought in the same or different
22 jurisdiction, through arbitration, or other adjudication. Additionally, Third-Party
23 Defendants are liable to Third-Party Plaintiff for defense and indemnification if the claims
24 between Owner and Third-Party Plaintiff are settled or otherwise compromised through
25 formal or informal means.

26     39.    Upon information and belief, Owner's claim against Third-Party Plaintiff, if
27 any, is subject to arbitration pursuant to the AIA Standard Form Agreement between

28

LEGAL:05488-0211/2444656.1

-8-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE (602) 441-1300 ♦ FAX (602) 441-1350

Owner and Contractor and the other contract documents. Plaintiff and Defendants have stipulated to a stay of this matter while the parties proceed in arbitration.

40. Upon information and belief, Subcontractor Third-Party Defendants entered into agreements with Third-Party Plaintiffs to resolve any and all disputes through binding arbitration pursuant to incorporation of Third-Party Plaintiff's contract with the Owner for any dispute which involves the correlative rights and duties of the Owner.

41. Third-Party Plaintiffs do not waive their right to resolve the subject matter of this Third-Party Complaint through arbitration. This Third-Party Complaint is intended to toll any applicable statutes of limitations and/or statute of repose and involve the Third-Party Defendants in this action should this matter not proceed to arbitration.

## **FIRST CAUSE OF ACTION**

**(Mandatory Arbitration – Declaratory Relief)**

**[All Subcontractor Third-Party Defendants]**

42. Third-Party Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 40 of this Third-Party Complaint.

43. Upon information and belief, each Subcontractor Third-Party Defendant entered into written agreements with Third-Party Plaintiff to resolve any and all disputes that involve the correlative rights and duties of the Owner in accordance with the Third-Party Plaintiff's contract with the Owner as provided in Article 27 of the subcontract:

> In the event of any dispute between Subcontractor and Contractor arising out of or relating to this Subcontract, or the breach thereof, which involves the correlative rights and duties of Owner, the dispute shall be decided in accordance with the Contract Documents, and Subcontractor, its suppliers, subcontractors and its guarantors, surety, or sureties, shall be bound to Contractor to the same extent that Contractor is bound to Owner by the terms of the contract Documents and by any decisions or determination made under the Contractor Documents by an authorized person, board, court, arbitration, or other tribunal.

44. It is the express intent of Third-Party Plaintiff to resolve the subject matter of this Third-Party Complaint through arbitration, but should this Court or any other tribunal

LEGAL:05488-0211/2444656.1
-9-

of competent jurisdiction determine that arbitration is not required or otherwise invalid or unenforceable under the parties' written agreements, Third-Party Plaintiff brings the remaining causes of action before this Court. Third-Party Plaintiff's Motion to Dismiss and Reply to Owner's Combined Response to Motion to Dismiss and Motion to Compel Arbitration are incorporated herein by reference.

45. Pursuant to A.R.S. § 12-3007, Third-Party Plaintiff respectfully requests an Order compelling Subcontractor Third-Party Defendants to arbitration in accordance with the written subcontract agreements.

## SECOND CAUSE OF ACTION

### (Express Indemnity)

### [All Subcontractor Third-Party Defendants]

46. Third-Party Plaintiff fully incorporates herein by reference all allegations contained in Paragraphs 1 through 44 of this Third-Party Complaint.

47. Each agreement between Third-Party Plaintiff and each Subcontractor Third-Party Defendant contained language pursuant to which each Third-Party Defendant agreed to indemnify and hold Third-Party Plaintiff harmless.

48. Pursuant to the express indemnity provisions, Third-Party Plaintiff is entitled to be indemnified and held harmless for any and all losses incurred as a result of any arbitration, action, or other suit brought by the Owner and/or repairs necessitated by the defective and/or negligent work of, and/or defective products supplied by Subcontractor Third-Party Defendants, including without limitation, attorneys' fees, expert fees, court costs, investigative costs, and any amount for which they are sued, may be liable for, or have paid to the Owner as a result of a settlement, judgment, or compromise.

49. The acts of the Subcontractor Third-Party Defendants are the direct and proximate cause, in whole or in part, of the damages alleged by the Owner.

50. Third-Party Plaintiff is entitled to be indemnified by Subcontractor Third-Party Defendants for all such losses or damages they have sustained, or will sustain, as the

LEGAL:05488-0211/2444656.1
-10-

result of settlement, judgment, and/or compromise.

51. As a result of the claims against Third-Party Plaintiff and each Subcontractor Third-Party Defendant's failure to defend and indemnify, it has become necessary for Third-Party Plaintiff to initiate this Third-Party Complaint, and therefore, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees, costs, pre-judgment interest, and all other expenses related in any way to this lawsuit and any arbitration, action, or other suit brought by the Owner, including any amount paid as a result of a settlement, judgment, or compromise.

## THIRD CAUSE OF ACTION

**(Breach of Contract - Express Warranty)**

**[All Subcontractor Third-Party Defendants]**

52. Third-Party Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 50 of this Third-Party Complaint.

53. Subcontractor Third-Party Defendants also agreed under the one or more contracts with Third-Party Plaintiff to conduct their work in a good and workmanlike manner in compliance with the plans and specifications, applicable building codes and guidelines of the Arizona Registrar of Contractors, and to complete work that is free from defects.

54. Subcontractor Third-Party Defendants have breached their respective contracts by failing to perform their work in compliance with said contractual obligations as alleged by the Owner.

55. As the result of Subcontractor Third-Party Defendants' individual breaches of contract, Third-Party Plaintiff has incurred damages, including attorneys' fees, expert fees, pre-judgment interest, and other expenses.

56. The Owner's claims against Third-Party Plaintiff for damages to the Project are the result, in whole or in part, of the acts and/or omissions of Subcontractor Third-Party Defendants.

LEGAL:05488-0211/2444656.1

-11-

57. Third-Party Plaintiff is entitled to be indemnified and held harmless by Subcontractor Third-Party Defendants, and each of them, for their share of all such loss or damage incurred by Third-Party Plaintiff as the result of any settlement, compromise, judgment, or award that may occur.

58. As a result of the claims against and damages incurred by Third-Party Plaintiff, it has become necessary for Third-Party Plaintiff to initiate this Third-Party Complaint, and therefore, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees, expert fees, costs, pre-judgment interest, and all other expenses related in any way to this lawsuit and any arbitration, action, or other suit brought by the Owner, including any amount paid as a result of settlement, judgment, or compromise.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty of Workmanship)

### [All Subcontractor Third-Party Defendants]

59. Third-Party Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 57 of this Third-Party Complaint.

60. Subcontractor Third-Party Defendants impliedly warranted that their materials would be of merchantable quality and reasonably fit for its intended purpose and that the work and labor performed under any agreement or instruction would be done in a careful and workmanlike manner in conformance with Arizona construction standards and/or practices and all applicable project documents, including the plans, specifications, and scopes of work.

61. Based upon the allegations brought by the Owner, and/or damages incurred by Third-Party Plaintiff, the warranties referenced above and provided by Subcontractor Third-Party Defendants have been breached as the workmanship and labor were not performed in a workmanlike manner or in accordance with Arizona construction standards and/or practices, and the materials were not reasonably fit for their intended purpose and of a merchantable quality and free from defects.

LEGAL:05488-0211/2444656.1

-12-

62. As a result of these breaches of such warranties, Third-Party Plaintiff has suffered direct and consequential damages in amounts as set forth above.

63. As a result of the claims against and damages incurred by Third-Party Plaintiff, it has become necessary for Third-Party Plaintiff to initiate this Third-Party Complaint, and therefore, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees, expert fees, costs, prejudgment interest, and all other expenses related in any way to this lawsuit and any arbitration, action, or other suit brought by the Owner, including any amount paid as a result of settlement, judgment, or compromise.

## FIFTH CAUSE OF ACTION

### (Common Law Implied Indemnity)

### [All Third-Party Defendants]

64. Third-Party Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 62 of this Third-Party Complaint.

65. Third-Party Plaintiff is entirely without active fault with regard to the acts or omissions giving rise to the Owners' construction defects claims, and thus, is entitled to common law indemnity from Third-Party Defendants.

66. Pursuant to the facts of this case and the parties' relationships, as well as Arizona common law and the Restatement of Torts (Second) § 886B, Third-Party Plaintiff is entitled to common law indemnity and/or equitable indemnity from Third-Party Defendants for their reasonable attorneys' fees, expert fees, costs, and all other expenses related in any way to this lawsuit and any arbitration, action, or other suit brought by the Owners, including any amount paid as a result of settlement, judgment, or compromise.

67. Third-Party Plaintiff seeks recovery in common law indemnity under various bases, including, without limitation, equity, unjust enrichment, tort and contract.

## SIXTH CAUSE OF ACTION

### (Breach of Contract – Duty to Defend – Declaratory Relief)

### [All Subcontractor Third-Party Defendants]

LEGAL:05488-0211/2444656.1

-13-

68. Third-Party Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 66 of this Third-Party Complaint.

69. Each agreement between Third-Party Plaintiff and each Third-Party Defendant contain language whereby each Subcontractor Third-Party Defendant agreed to defend and hold Third-Party Plaintiff and others harmless.

70. Pursuant to the express indemnity provisions, Third-Party Plaintiff is entitled to be defended by Subcontractor Third-Party Defendants as a result of any arbitration, action, or other suit brought by the Owners and/or repairs necessitated by the defective and/or negligent work of, and/or defective products supplied by, Subcontractor Third-Party Defendants, including without limitation, attorneys' fees, expert fees, court costs, and investigative costs.

71. Subcontractor Third-Party Defendants have a duty to defend against any claims made against Third-Party Plaintiff arising out of their respective scopes of work.

72. Third-Party Plaintiff has a present legal right to be provided a defense by Subcontractor Third-Party Defendants.

73. Third-Party Plaintiff has tendered the defense of the action to Subcontractor Third-Party Defendants, each of whom rejected, ignored, or failed to properly accept the tender of defense.

74. A dispute has arisen and an actual controversy now exists between Third-Party Plaintiff and Subcontractor Third-Party Defendants in that Third-Party Plaintiff contends it is entitled to a present defense from the Subcontractor Third-Party Defendants, and Third-Party Defendants deny same.

75. Third-Party Plaintiff is entitled to be indemnified by Subcontractor Third-Party Defendants for all attorneys' fees, expert fees, court costs, and investigative costs sustained as the result of Subcontractor Third-Party Defendants' failure to defend and hold Third-Party Plaintiff and others harmless.

76. Third-Party Plaintiff herein seeks a declaration by the Court as to its rights

LEGAL:05488-0211/2444656.1 -14-

and said Subcontractor Third-Party Defendants' duties and obligations to defend Third-Party Plaintiff.

77. As a result of the claims against Third-Party Plaintiff and each Subcontractor Third-Party Defendant's failure to defend, it has become necessary for Third-Party Plaintiff to initiate this Third-Party Complaint, and therefore, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees, costs, pre-judgment interest, and all other expenses related in any way to this lawsuit and any arbitration, action, or other suit brought by the Owner.

## SEVENTH CAUSE OF ACTION
**(Strict Products Liability/Contribution Pursuant to A.R.S. § 12-2509)**
**[Manufacturer Third-Party Defendants]**

78. Third-Party Plaintiff fully incorporates herein by reference all allegations contained in Paragraphs 1 though 76 of this Third-Party Complaint.

79. At all times relevant herein, Manufacturer Third-Party Defendants were responsible for designing, distributing, testing, manufacturing, developing, marketing, selection, installation and/or warranty of the storefront and/or curtain wall window systems and component parts sold and/or installed at the Project that have allegedly failed so as to cause an unreasonably dangerous, defective, and unsafe condition for operation of a hospital.

80. The alleged failure of the storefront and/or curtain wall window systems has created an unreasonably dangerous condition for property, including, but not limited to, framing, drywall, and interior finishes.

81. If the Owner's allegations are true, Manufacturer Third-Party Defendants knew or should have known and expected that their products would be placed in the stream of commerce and would reach Third-Party Plaintiff without substantial change and would be installed in the same defective condition in which they were originally designed, manufactured and sold.

LEGAL:05488-0211/2444656.1

-15-

82. If the Owner's allegations are proven true, the storefront and/or curtain wall products and component parts were defective when they left the possession of Manufacturer Third-Party Defendants.

83. Upon information and belief, the storefront and/or curtain wall systems and component parts provided by Manufacturer Third-Party Defendants have not changed from the condition in which they were sold.

84. Upon information and belief, the storefront and/or curtain wall window systems and component parts have been used and are being used in the manner intended and reasonably foreseeable.

85. As a result of the claims against and damages incurred by Third-Party Plaintiff, it has become necessary for Third-Party Plaintiff to demand arbitration and initiate this Third-Party Complaint, and therefore, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees, expert fees, costs, pre-judgment interest, and all other expenses related in any way to this lawsuit and arbitration demanded above, and any arbitration, action, or other suit brought by the homeowners, including any amount paid as a result of a settlement, judgment, award, or compromise.

## EIGHTH CAUSE OF ACTION

**(Strict Products Liability – Declaratory Relief Regarding**

**Duty to Defend Pursuant to A.R.S. § 12-684)**

**[Manufacturer Third-Party Defendants]**

86. Third-Party Plaintiffs fully incorporate herein by reference all allegations contained in Paragraphs 1 through 84 of this Third-Party Complaint.

87. The Owner alleges that the storefront and/or curtain wall window systems, products, and component parts designed, distributed, tested, manufactured, developed, and marketed by Manufacturer Third-Party Defendants are defective, resulting in leaking and damage to the Owner.

88. If these allegations are true, then any and all damages claimed by the Oner is

LEGAL:05488-0211/2444656.1

-16-

the responsibility of the Manufacturer Third-Party Defendants, not Third-Party Plaintiff.

89. Third-Party Plaintiff tendered the defense and indemnity of this matter to the Manufacturer Third-Party Defendants pursuant to A.R.S. § 12-684 each of whom rejected the tender and refused to defend Third-Party Plaintiff.

90. Third-Party Plaintiff is entitled to an immediate defense and indemnification from the Manufacturer Third-Party Defendants, including payment of attorneys' fees and costs.

WHEREFORE, Third-Party Plaintiff request that this Court enter judgment in favor of Third-Party Plaintiff and against Third-Party Defendants as follows:

1. A declaratory judgment that Subcontractor Third-Party Defendants are compelled to arbitration;

2. For direct and consequential damages;

3. For pre-judgment and post-judgment interest thereon at the statutory rate;

4. For their costs, expenses, and reasonable attorneys' and expert fees incurred and allowed under any theory, including, but not limited to A.R.S. §§12-341 and 12-341.01(A);

5. A declaratory judgment that Third-Party Plaintiff is entitled to a present and continuing defense from Third-Party Defendants; and

6. For such other relief as this Court may deem just and appropriate.

LEGAL:05488-0211/2444656.1

-17-

# JURY DEMAND

Third-Party Plaintiff hereby demands a jury trial.

DATED: October 19, 2012          Respectfully submitted,

WOOD, SMITH, HENNING & BERMAN LLP


By:  */s/ Jill Ann Herman*
     JILL ANN HERMAN
     DAWN M. GINGERICH
     Attorneys for Third-Party Plaintiff Bovis
     Lend Lease, Inc. n/k/a Lend Lease (US)
     Construction Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2012, the foregoing document entitled, **BOVIS LEND LEASE INC. N/K/A LEND LEASE (US) CONSTRUCTION INC.'S THIRD-PARTY COMPLAINT AND DEMAND FOR ARBITRATION OR, ALTERNATIVELY, JURY TRIAL** was e-filed and served via electronic service through the United States District Court for the District of Arizona's ECF System and upon attorney Jason Eric Fortenberry of Bradley Arant Boult Cummings, LLP who is registered as an electronic case filing user with the Clerk.

                                    */s/ Misty James*

LEGAL:05488-0211/2444656.1

-18-